IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

RECEIVED
2005 SEP 14  A 9:22

BARBARO NOGUERAS,

   Petitioner,

v.

SCOTT A. MIDDLEBROOKS,

   Respondent.

CIVIL CASE NO.

2:05CV876-T

_____/

### PETITIONER'S MOTION FOR INJUNCTIVE RELIEF

COMES NOW, the petitioner, Barbaro Nogueras (here-in-after "petitioner"), pro se, and respectfully files this motion before this Honorable Court pursuant to Fed.R.Civ.P. Rule 65(a). As grounds for the granting of this motion petitioner states and shows as follows.

1. Petitioner is a federal prisoner being housed by the Bureau of Prisons ("BOP") at the Federal Prison Camp Montgomery which is located at the Maxwell Air Force Base in Montgomery, Alabama.

2. Petitioner has filed a 28 U.S.C. §2241 petition for the issuance of the writ of habeas corpus alleging among other things that he is being "discriminated" based on his nationality and that he is being exposed to "involuntary servitude" (i.e. slavery) at the hands of the BOP specifically, his present custodian, Scott A. Middlebrooks, Warden of the F.P.C. Montgomery.

3. The law is clear, this is the only Court with proper

jurisdiction and venue over the petitioner's §2241 habeas corpus. See <u>Hernandez v. Campbell</u>, 203 F.3d 861 (9th Cir. 2000)("a §2241 habe corpus 'must' be brought in the jurisdiction where the petitioner is confined). See also 28 U.S.C. §2241; <u>Hooker v. Sivley</u>, 187 F.3d 680 (5th Cir. 1999); <u>United States v. Whethersby</u>, 958 F.2d 65 (5th Cir.1992). Consequently, if the BOP decides to transfer petitioner to another institution outside the scope of the jurisdiction of this Court then, petitioner will suffer "irreparable" harm because, this Court will lack jurisdiction over the instant matter.

4. Petitioner prays of this Court to take notice and into consideration the fact that in his habeas corpus petitioner alleges inter alia that he is being "discriminated" because of his nationality and that he is being exposed to "involuntary servitude". Certainly, because of the severity of the allegations and the possibility of the public scandal such claims can create there exists the possibility that the BOP retaliates against petitioner by exposing him to "diesel therapy" (i.e. travelling without a final destination) or, that the BOP decides to win this case by transferring petitioner and depriving this Court of jurisdiction. In essence, absent the granting of this motion petitioner will be exposed to irreparable harm.

MEMORANDUM OF LAW

The function and purpose of a "preliminary injunction" is to prevent irreparable injury pending an ultimate determination of the action. <u>Checker Motors Corp. v. Chrysler Corp.</u>, C.A.N.Y., 405 F.2 319 (1969). In the case at bar there exists the palpable

possibility that petitioner will suffer irreparable harm absent the granting of this motion because, if transferred by the BOP petitioner will continue to be exposed to "involuntary servitude" (i.e. slavery) and "discriminated" based on his nationality. Further, because the transferring of petitioner by the BOP will deprive this Court of jurisdiction over the instant matter then, such action would "affect the status quo" before this case is decided by this Court. See Resolution Trust Corp. v. Cruce, 972 F.2d 1195, 1198 (10th Cir. 1992)(primary purpose of preliminary injunction is to preserve status quo).

Petitioner understands that as a prerequisite to issuance of a preliminary injunction, moving party must generally show a reasonable probability of eventual success in the litigation, and that it will be irreparably injured pendente lite if relief is not granted. Also see Grier v. Bowker, 314: F.Supp. 624 (D.C.N.Y. 1970)("Preliminary injunction is an extraordinary remedy whose purpose is to preserve the status quo and prevent irreparable injury until the case can be ultimately resolved"). Petitioner respectfully submits that he fulfills "all" of the required prongs necessary for the granting of this motion.

## CONCLUSION

For the foregoing reasons and that of the interest of justice this motion should be granted.

Date: September 9, 2005                    Respectfully submitted,

-3-

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing legal instrument was served on this 9th day of September 9, 2005, to: Mr. Scott A. Middlebrooks, Warden for the Federal Prison Camp Montgomery, Maxwell Air Force Base, Montgomery, Alabama 36112. The service was condducted via Certified Return Receipt mail. This Certificate of Service is submitted under penalty of perjury pursuant to 28 U.S.C. §1746.

Barbaro Nogueras, pro se.