IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

BARBARO NOGUERAS,

    Petitioner,

v.                                    CIVIL ACTION NO. 2:05-CV-876-T(WO)

SCOTT A. MIDDLEBROOKS,

    Respondent.

_____/

**PETITIONER'S OBJECTIONS TO THE MAGISTRATE'S REPORT**

COMES NOW, the petitioner, Barbaro Nogueras (hereinafter "petitioner"), pro se, and respectfully files these onjections to the magistrate's report in the instant matter.

INTRODUCTION

I. <u>Exposing Petitioner To Exhaustion Of Remedies Would Be Futile And Would Cause Irreparable Harm To Petitioner</u>

In the case at bar petitioner has exhausted administrative remedies up to the Southeast Regional Office of the Bureau of Prisons (BOP). In order to reach the aforementioned administrative level petitioner first, 1) filed an Inmate Request to Staff to the Residential Drug Alcohol Program (RDAP) Coordinator; 2) resubmitted the aforementioned to petitioner's Case Manager after the RDAP Coordinator refused to address the request; 3) filed a BP-8½ with his Unit Team in a good faith attempt to find an informal resolution to the instant matter; 5)

filed a BP-9 to the Warden and Respondent herein, Scott A. Middlebrooks, after "all" aforementioned administrative remedies were denied; 6) filed a BP-10 before the BOP Southeast Regional Office (i.e. located in Atlanta) appealing the Warden's denial of petitioner's BP-9; 8) filed an Appeal to General Counsel in Washington appealing the Southeast Regional Office's denial of petitioner's appeal; 9) requested an extension of time in which to file additional requested documents by the Office of General Counsel (i.e. documents that were submitted to General Counsel and apparently were misplaced by his office staff); 9) petitioner is at present awaiting production of the requested documents from the Warden's Office) so as to provide same to the Office of General Counsel.

Petitioner submits that any further exhaustion of administrative remedies will be futile because, the Office of General Counsel has "denied" relief to another inmate, Juan Carlos Cruz ("Cruz")(See <u>Exhibit "A"</u>, <u>Juan Carlos Cruz v. Scott A. Middlebrooks</u>, No. 2:05-CV-877 (M.D.A. Northern Div. Montgomery 2005)), who presented to General Counsel the exact claim as contained in petitioner's habeas corpus. Mr. Cruz has already exhausted administrative remedies, and the essence of the claim in his habeas petition is exact to the essence of the claim in the instant case. For this Court to better understand the "similarities" between petitioner's claim, and Cruz's claim petitioner shows as follows: In his administrative claims petitioner claims that the BOP has classified him under two different "statuses" that is, as an INS detainee to deprive him

-2-

of numerous BOP benefits including but not limited to a one year sentence reduction pursuant to 18 U.S.C. §3621(e)(2)(B), upon petitioner's successful completion of the RDAP, and that the BOP declassifies petitioner as an INS Detainee when it comes time for petitioner to work (i.e. INS Detainees are exempted from forced labor pursuant to the Thirteenth Amendment to the United States Constitution). In essence, it is petitioner's claim that he is either, a) being exposed to "involuntary servitude" (i.e. slavery) at the hands of the BOP because, INS Detainees cannot be forced to work and the BOP has forced petitioner to work for the past ten years of petitioner's incarceration or, b) the BOP is denying petitioner the benefit/s of a federally funded program based on petitioner's nationality (i.e. Cuban national). In Cruz's case the petitioner raises identical claims in his administrative remedies. <u>Exhibit "B.</u>

The law is clear, if the Office of General Counsel for the BOP denied Mr. Cruz's appeal then, it will be impossible for the aforementioned office to grant petitioner his requested relief and for said decision not to violate the "Equal Protection Clause" of the Fifth Amendment to the Federal Constitution. It has been petitioner's position in his requests for administrative remedies (i.e. equal to Cruz's position) that, if petitioner is in fact an INS Detainee then, he has and continuous to be exposed to involuntary servitude (i.e. "slavery") or, in the alternative, if petitioner is not an INS Detainee then, he is being discriminated by the BOP based on the fact that the BOP is relying in petitioner's nationality (i.e.

-3-

Cuban) to deprive petitioner of the benefit (i.e. sentence reduction) upon successful completion of the RDAP. In Mr. Cruz.s case the Office of General Counsel denied Cruz's appeal by upholding that Cruz can be classified under two different statuses for the benefit of the BOP. See <u>Exhibit "A"</u> (General Counsel's denial of Cruz's administrative appeal).

### ARGUMENT AND MEMORANDUM OF LAW

In recommending dismissal of the instant action for failure to exhaust administrative remedies, the Magistrate's Report relies in numerous cases in specific, the Eleventh Circuit decision in <u>Winck v. United States</u>, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003). However, petitioner respectfully submits that the Magistrate's reliance in <u>Winck</u>, supra, is misplaced. This case is analogous to the Court's decision <u>Linfors v. United States</u>. 673 F.2d 332 (1982)(cited in <u>Winck</u>, supra, at 1304, n. 4, 5). Citing <u>Linfors</u> the Eleventh Circuit in <u>Winck</u> held that "Generally, exhaustion is not required where no genuine opportunity for adequate relief exists, irreparable injury will result if the complaining party is compelled to pursue administrative remedies, or an administrative appeal would be futile." Id at 1304 (citing <u>Linfors</u>, 673 at 334).    The petitioner in <u>Winck</u>, contrary to petitioner in the instant matter, failed to demonstrate even an attempt to exhaust administrative remedies. As set forth above, the petitioner in the instant matter has filed more that five petitions seeking administrative remedies to the BOP authorities and "all"

-4-

petitions have been denied. Further, Mr. Juan Carlos Cruz, as set forth above, an inmate situated equally to petitioner and detained by the same respondent at petitioner's institution, has exhausted "all" administrative remedies and the Office of General Counsel denied relief as explained ante. Consequently, it would be futile for petitioner to seek his last available administrative remedy before General Counsel (i.e. who will be opposing the granting of petitioner's habeas corpus).

This Court has subject matter jurisdiction even though petitioner has not exhausted administrative remedies. The existance of jurisdiction in cases such as petitioner's is best explained by the Fifth Circuit Court of Appeals: "[w]hat we really determine is a judicial policy akin to comity," Mindes v. Seaman, 453 F.2d 197, 199 (5th Cir. 1971), that is, a "judicial abstention doctrine." Meister v. Tex. Adjutant General's Dep't, 233 F.3d 332, 339 (11th Cir. 2000). cert. denied, 532 U.S. 1052, 121 S.Ct. 2194, 149 L.Ed.2d 1025 92001). "As such, 'we review the requirement of exhaustion as...based on principles of comity and not as imperative limitation of the scope of federal habeas corpus power." In re Kelly, 401 F.2d 211, 213 (5th Cir. 1948)(per curiam). Taking the aforementioned decisions by the Fifth Circuit into consideration, the Eleventh Circuit held in Winck that: "We have also expressly concluded that exhaustion 'is not a jurisdictional bar to habeas relief' when seeking release to state custody pursuant to 28 U.S.C. §2254." citing Esslinger v. Davis, 44 F.3d 1515, 340 at 132, 71 S.Ct. at 111-112. The Court in Winck relied on the Supreme Court's standard of analysis

involved in determining when administrative remedy exhaustion is required. (relying on <u>McKart v. United States</u>, 395 U.S. 185, 13, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194 (1969). In McKart the Court concluded as follows:

"Accordingly, in determining whether the exhaustion rule should be rigidly applied, the Court has, on a case-by-case basis, employed a balancing analysis which considers both the interests of the agency in applying its expertise, correcting its own errors, making a proper record, enjoying appropriate independence of decision and maintaining an administrative process free from deliberate flouting, and the interests of private parties in finding adequate redress for their grievances. See also <u>Montgomery v. Rumsfeld</u>, 572 F.2d 250, 253 (9th Cir. 1978)(explaining <u>McKart</u>).

With this framework in mind, this Court should rule in disfavor of exhaustion. Exhaustion in the case at bar would not fulfil the Court's analysis and standard set forth in <u>McKart</u> because, 1) there is "no" BOP interest involved in petitioner's exhaustion of remedy, 2) the agency has not recognized committing any error when denying Juan Carlos Cruz's, ante, remedies and thus, cannot now recognize committing an error in petitioner's case without violating Cruz's constitutional rights under the Equal Protection Caluse of the Fifth Amendment to the Federal Constitution, 3) there is no need for the BOP to make a record in the instant matter, in light that the record of this case is at present before General Counsel's Office by way of exhaustion of administrative remedies, 4) petitioner's writ of

-6-

habeas corpus is in no way circumventing or an attempt to circumvent the BOP's administrative remedy process, 5) the BOP has had ample opportunity to render an independent decision in the instant matter as it did when it denied relief in <u>Cruz v. Middlebrooks</u>, supra, (Exhibit "A"), 6) there exists no interest by any other private party in the instant matter and thus, allowing this habeas corpus to proceed in Court would not preclude any other party from adequate redress of their grievances. In essence, this case does not fall within the standards enunciated by the Supreme Court in McKart, supra, and as such there is no need to require petitioner to continue exhausting administrative remedies. Any further attempt by petitioner to obtain relief via exhaustion of administrative remedies will be futile.

Petitioner prays of this Court to take judicial notice of the fact that in the instant matter petitioner is either the victim of racial discrimination or, an individual being exposed to involuntary servitude at the hands of the BOP. Notwithstanding, which of the aforementioned violation/s is/are being inflicted upon petitioner, the truth of the matter is that petitioner is being exposed to constant "suffering" by way of the "humiliations" that come about from the infliction of the aforementioned Civil Rights violations.

II. <u>Exhaustion Of Administrative Remedies Is Not Required By Statute In The Instant Matter</u>

This Court has subject matter jurisdiction over the instant case even though petitioner has not finalized exhausting his

-7-

administrative remedies because, exhaustion of administrative remedies is not required by statute and thus, it is not jurisdictional. See <u>Brown v. Rison</u>, 895 F.2d 535 (9th Cir. 1990). Any additional exhaustion of remedies in the instant matter is not required to confer subject matter jurisdiction by this Court over petitioner's §2241 petition, because the explicit exhaustion requirements which are contained in the Antiterrorism and Effective Death Penalty Act (AEDPA) and the Prison Litigation Reform Act (PLRA) do not apply to habeas petitions filed under 28 U.S.C. §2241. See <u>United States v. West</u>, 2003 WL 1119990, *2 (E.D. Mich. February 20, 2003); <u>Hicks v. Hood</u>, 203 F.Supp.2d 379, 382 (D. Or. 2002). Additionally, in light that the BOP Program Statement is mandatory in nature and automatically excludes from early release "all" Cuban nationals, any further exhaustion of remedies on petitioner's part would be futile and shall be excused.

III. <u>Exhaustion Of Administrative Remedies Is Not Required In The Instant Matter Because, Petitioner Is Undergoing Cruel And Unusual Punishment</u>

Petioner respectfully submits that he is the victim of the constant infliction of cruel and unusual punishment at the hands of the respondent. The humilations and sufferings that come about from the acts of discrimination are sometimes more painful than scars physically inflicted upon a human, and there exists no question that the mental scars caused by the infliction of the aforementioned "cruel and unusual punishment" will accompany petitioner for his entire life. On the other

-8-

hand, exposure to "involuntary" servitude (i.e. slavery) cannot be looked upon under a lesser standard of than the standard under which discrimination is reviewed. To dismiss this action would constitute the exposing of petitioner to countless days and months of "discrimination" and "involuntary" servitude and thus, prolonging of this litigation would undoubtedly prolong petitioner's exposure to "cruel and unusual punishment", all in violation of petitioner's constitutional rights under the Eighth Amendment of the Federal Constitution.

## CONCLUSION

Although there is no bright light definition as to when government misconduct (i.e. BOP) is so shocking and outrageous as to violate the universal sense of justice, it would be impossible for this Court to "dismiss" petitioner' habeas corpus for failure to finalize exhaustion of remedies and for this case not to fall of the other side of the line that is, the side of the unjust. Dismissal of petitioner's habeas corpus will undoubtedly prolong petitioner's exposure to "discrimination" or/and "involuntary servitude" (i.e. "slavery"), and such disregard for petitioner's rights under the Civil Rights Act of 1964, Thirteenth Amendment to the Federal Constitution, and the Equal Protection Clause, would be anathema to our judicial system and contrary to the duty imposed by Article III of the federal Constitution upon this Honorable Court.

For the foregoing reasons petitioner humbly prays of this Court to allow the instant matter to proceed before this Court.

_October 5th_, 2005          Respectfully submitted,

_/s/ Barbaro Nogueras_

Barbaro Nogueras, pro se,

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing legal instrument was served on this 5th day of October, 2005, to: United States Attorney's Office, Leura G. Canary, U.S. Attorney, P.O. Box 197, Montgomery, AL 36101-0197, and to Scott A. Middlebrooks, Warden (i.e. Respondent), Federal Prison Camp Montgomery, Maxwell Air Force Base, Montgomery, AL 36112. The service was conducted via first class mail by depositing same in the F.P.C. Montgomery's mail box designated for legal mail only. this certificate of service is submitted pursuant to 28 U.S.C. §1746.

_____
Barbaro Nogueras, pro se.