EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

| | |
|---|---|
| JUAN CARLOS CRUZ, | : |
|    Petitioner, | : |
| vs. | : CASE NO.: |
| SCOTT A. MIDDLEBROOKS, Warden, | : |
|    Respondent. | : |

## PETITION FOR THE ISSUANCE OF THE WRIT OF HABEAS CORPUS

COMES NOW, the petitioner, Juan Carlos Cruz (here-in-after "petitioner"), pro se, and respectfully files this petition before this Honorable Court. As grounds in support for the granting of the instant petition the petitioner states and shows as follows.

### I. JURISDICTION

This Court's jurisdiction is invoked under 28 U.S.C. §2241.

### II. JURISDICTIONAL STATEMENT

This Court has jurisdiction to hear this petition. A petition for the writ of habeas corpus filed by a federal inmate under 28 U.S.C. §28 U.S.C. §2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998). A district court has jurisdiction over a federal prisoner's habeas corpus petition challenging the determination by the Bureau of Prisons that he or she is inelegible for a sentence reduction under 18 U.S.C. §3621(e)(2)(B). Perez v. Hemingway, 157 F.Supp.2d 790, 793 (E.D. Mich. 2001).

## III. VENUE

This Court is the proper venue wherein to file the instant petition. See Hernandez v. Campbell, 204 F.3d 861 (9th Cir. 2000); Hooker v. Sivley, 187 F.3d 680 (5th Cir. 1999); United S___ v. Weathersby, 958 F.2d 611 (5th Cir. 1992).

## IV. SUMMARY OF ARGUMENT

In the case at bar petitioner has successfully completed the Residential Drug Alcohol Program ("RDAP") and the warden refuses to grant him a one year sentence reduction based on the fact that petitioner is a Cuban national. The essence of the claim in the instant matter consists of the fact that the Bureau of Prisons cannot violate an inmate's "Due Process" by classifying that inmate under two statuses that is, petitioner has been classified by the Bureau of Prisons ("BOP") as a regular inmate completing an imposed term of imprisonment who is required to work while serving his sentence, and on the other hand petitioner has been classified as an INS Detainee who according to the BOP cannot receive a sentence reduction under 18 U.S.C. §3621(e)(2)(B). However, INS Detainees cannot be forced to work (i.e. BOP PS 5110.11) because, such practice violates a person's constitutional rights under the Forteenth Amendment of the United States Constitution which prohibits "slavery" or "involuntary servitude".

In essence, for work purpose/s the BOP classifies petitioner as a regular federal inmate. However, for program benefits the BOP classifies petitioner as an INS Detainee. The truth of the matter is that the BOP appears to want to have both sides of the coin. It is petitioner's position that the aforementioned

-2-

practice is unconstitutional and that petitioner is presently being exposed to involuntary servitude or, discriminated by the BOP by its denial to grant petitioner the one year sentence reduction upon petitioner's successful completion of the Residential Drug Alcohol Program ("RDAP") (i.e. RDAP is federally funded and thus, cannot discriminate against a person based on his/her color, sex, nationallity, political/religious/sexual preference/s, etc...etc...)

For the foregoing reasons petitioner prays of this Court to issue an "Order" to the BOP whereby, the BOP is ordered to classify petitioner under a single status that is, as an INS Detainee (i.e. in which case petitioner cannot be forced to work) or, in the alternative as a regular inmate serving an imposed term of imprisonment (i.e. under this status petitioner would be required to work but would be eligible for the one year sentence reduction under 18 U.S.C. §3621(e)(2)(B)).

### V.  STATEMENT OF FACTS

1. Petitioner was indicted by a federal grand jury sitting in the Southern District of Florida. The grand jury charged petitioner with possession with intent to distribute a detectable amount of cocaine in violation of 21 U.S.C. § 841.

2. A jury trial started on April, 1997. On April 3, 1997, the jury found petitioner guilty of the §841 (i.e. possession) Count.

3. On June 20, 1997, petitioner was sentenced to 136 months' imprisonment, Supervise Release for five (5) years, and a $100.00 Assessment.

4. Petitioner will have finished completing his sentence on

November 8, 2006. However, with the one year sentence reduction petitioner should have bee release on or about June 6, 2005 . Clearly, petitioner has an invested liberty interest in the outcome of the instant matter. This 28 U.S.C. §2241 "Petition for the Issuance of the Writ of Habeas Corpus" ensues.

### ARGUMENT AND MEMORANDUM OF LAW

In the case at bar it has been the position of the BOP that petitioner does not qualify for the one year sentence reduction because, 1) petitioner "is" an INS detainee, 2) as a detainee petitioner is precluded from being placed in a half way house upon completion of the RDAP so as to undergo after care treatment. However, the BOP's position in the instant matter is contrary to the record which clearly demonstrates that INS does not oppose for the BOP to place petitioner in a half way house upon successful completion of the RDAP (Exhibit "A"), and that it is unnecessary for petitioner to be placed in a half way house to receive the required after care because, such after care can be provided to petitioner at the Federal Prison Camp Montgomery (See Exhibit "B" where the Warden acknowledges that after care will be provided to petitioner at the institution of confinement).

The BOP advertently or inadvertently has misinterpreted Congressional intent as set forth in 28 C.F.R. Part 48 to End §550.58(i), which excludes INS Detainees from the one year sentence reduction. An inmate does not become an INS detainee until he has completed his imposed term of imprisonment and the BOP surrenders the inmate's custody to the INS. In many occasions such as that of the Cuban Mariel Detainees, INS contracts the BOP to house such detainees pending deportation or, being paroled into

-4-

society. However, a federal inmate does not become an INS Detainee until INS surrenders the detainee's custody to the BOP. In essence, petitioner will not become an INS Detainee until he finishes serving his sentence and "only" if INS decides to reassign petitioner to the BOP for further findings consistent with a deportation order "if" one is ever issued. The BOP has a specific Policy Statement design to deal with the special circumstances faced by INS Detainees. See BOP PS §5111.03 which among other things exempts INS Detainees from educational programs which require mandatory participation by regular inmates, and it also exempts INS detainees from being exposed to mandatory or forced labor.

In the instant case numerous legal principles are self evident. First, If petitioner is an INS Detainee then petitioner is exempted from work and mandatory educational programs. Thus, in the instant matter petitioner has been exposed to involuntary servitude for the past eight years. Second, in the event that petitioner is not considered an INS Detainee then, the BOP's denial of the one year sentence reduction upon petitioner's completion of the RDAP constitutes a violation of petitioner's civil right/s to be free from discrimination based on petitioner's origin or nationality. Third, the RDAP is a federally funded program and as such the program cannot discriminate against any participant based on the participant's race, color, nationality, religious/political/sexual preference/s, etc...etc... See Civil Rights Act of 1964, Document Number: PL 88-352, Date July 2, 1964, 88th Congress, H.R. 7152. Further, not only does the BOP's conduct in the instant matter violates petitioner's civil rights

-5-

but it also violates petitioner's constitutional rights under the "Equal Protection Clause" of the United States Constitution. See City of Cleburne v. Cleburne Living Center, 473 U.S. 482, 87 L.ed.2d 313 (1981). "In City of Cleburne the Court held that: 1) The equal protection clause requires that "all" persons similarly situated be treated alike, and 2) Equal protection violation occurs when government treats someone different than another who is similarly situated. Id. In the instant matter it is evident that petitioner is being treated different to other inmates equally situated that is, "no" INS Detainee can be required or forced to work - however, petitioner is required or, forced to work; "all" none detainees qualify for the one year sentence reduction upon successful completion of the RDAP - however, even though petitioner is not classified as an INS detainee for work purposes the BOP refuses to recognize his eligibility for the one year sentence reduction under 18 U.S.S. §3621(e)(2)(B). In essence, the BOP is advertently treating petitioner "different" than it treats other inmates situated similarly. Eagleston v. Guido, 41 F.3d 865 (2nd Cir. 1994)(holdind that threshold requirement of equal protection claim is a showing that government discriminated among groups).

As demonstrated above the BOP is including but not limited to Mr. Scott A. Middlebrooks, Warden, has opted to selectively apply the law in a discriminatory fashion against petitioner thereby, violating petitioner's constitutional rights under the equal protection clause. See Central Airlines, INC. v. United States, 138 F.3d 333 (8th Cir. 1988)(holding that Equal Protection Clause prohibits government officials from selectively applying law in

-6-

discriminatory way). In the case at bar the fact that petitioner is a "Cuban National" is being held against him in a discriminatory fashion which has now culminated in the classifying of petitioner as a suspect class (i.e. Respondent is aware of petitioner's race/nationallity/origin and there exists no question that his discriminatory acts are motivated by petitioner's race. See cf. Personal Administrator v. Feeny, 442 U.S. 256, 279, 60 L.Ed.2d 870 (1979)("In order to state a claim under the EPC, a plaintiff must allege not only that the defendants were aware of her race at the time of their action, but also that defendants acted because of her race).

In the instant matter the actions of Scott A. Middlebrooks, Warden, and those of his supervisors clearly demonstrate that petitioner has been subjected to racial classification without such classification serving "any" governmental interest. See cf. Adarand Constructors, Inc. v. Pena, 515 U.S. 200, 115 S.Ct. 2097, 132 L.Ed.2d 158 (1994)("Our action today makes explicit [that] federal racial classifications, like those of a State, must serve a compelling governmental interest, and must be narrowly tailored to further that interest"). There exists no governmental interest which the BOP can invoke that would excuse the BOP's discriminatory practice/s against petitioner. "As a general rule, alien inhabitants of a state are entitled to the constitutional guarantees of due process and equal protection (3 AmJur 2d, Aliens and Citizens §§ 8, 9). See also 68 L.Ed 255 (annotation)(dealing with the question as to what provisions of the Federal Constitution are invocable by aliens independently of treaty). Id. at De Canas v. Bica, 47 L.Ed.2d 876 (1976). "In

-7-

(accordance) consonant with the foregoing general principles, the Supreme Court has held invalid as violative of the 'Equal Protection' clause of the 14th Amendment., (1)....(6) state statutes denying 'Welfare benefits to resident aliens who have not resided in the U.S. for a given number of years." Id. at 879. Similarly, any BOP Policy Statement that denies an alien 'equal protection' or 'due process constitutes an unconstitutional provision of law.

## VI. CONCLUSION

Although there is no bright light definition as to when government misconduct and violation's of the rights afforded by the Procedural Due Process are so shocking and outrageous as to violate the universal sense of justice. Notwithstanding, it would practically be impossible for this Court to deny this petition and for this case not to fall on the side of the unjust, outrageous and shocking. For the foregoing reasons petitioner prays of this Honorable Court to issue an "Order" whereby, 1) the Warden of the F.P.C. Montgomery is ordered to grant a one year sentence reduction to petitioner based on the fact that petitioner has successfully completed the RDAP; 2) this Court orders the immediate release of petitioner, 3) the warden is ordered to "stop" exposing petitioner to involuntary servitude ("slavery") by forcing petitioner to work when in fact the BOP has classified petitioner as an INS Detainee, and 4) this Court declares any BOP Policy Statement used to violate petitioner's constitutional rights as an unconstitutional provision of law.

Date: September 9, 2005          Respectfully submitted,

-8-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing legal instrument was served on this 9th day of September, 2005, to: Scott A. Middlebrooks, Warden for the Federal Prison Camp Montgomery, Maxwell Air Force Base, Montgomery, AL 36112. The service was conducted via first class mail (Certified Return Receipt). This Certificate of Service is submitted under penalty of perjury pursuant to 28 U.S.C. §1746.

_____
Juan Carlos Cruz, pro se.