EXHIBIT "B"

**Administrative Remedy No. 366938-A2**
**Part B - Response**

You appeal the Warden's denial of your ineligibility for early release pursuant to 18 U.S.C. § 3621(e). You claim you have been erroneously classified as an INS detainee and to classify you as such in order to deny you early release is discriminatory. You request your sentence be reduced by one year upon successful completion of the RDAP and transitional services.

Program Statement 5330.10, <u>Drug Abuse Programs Manual, Inmate</u>, stipulates that inmates are required to complete the community transition component of the residential drug abuse treatment program to be considered for a sentence reduction under 18 U.S.C. § 3621(e). In addition, P.S. 7310.04, <u>Community Corrections Center Utilization and Transfer Procedure</u>, states inmates with unresolved pending charges, or detainers, which will likely lead to arrest, conviction, or confinement shall not ordinarily participate in CCC programs.

Records indicate that Immigration and Customs Enforcement (ICE) (formerly Immigration and Naturalization Service) has lodged a detainer against you for possible deportation. You are ineligible to participate in a CCC program and, consequently, ineligible for early release consideration at this time. Should ICE determine you will not be deported, staff will review your case for CCC placement and early release. We find no evidence to support your allegation of discrimination regarding this matter. Based on the above, we concur with the Warden's decision, find it appropriate, and in accordance with policy.

Your appeal is denied.

August 5, 2005
Date

Harrell Watts, Administrator
National Inmate Appeals

U.S. Department of Justice
Federal Bureau of Prisons

| | | | | |
|--|--|--|--|--|
| | | MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

Part A—REASON FOR APPEAL

to the Warden's denial of my BP-9:

(1) The Regional Office has erroneously classified me as an INS detainee when in fact, the Records Department at the F.P.C. Montgomery has informed me that I am "NOT" an INS detainee. Further,.the Regional Office has not addressed the issue as set forth in my appeal addressing the fact that if I am an INS detainee then, I have been forced to worked for the past eight years contrary to the 13th Amendment to the United States Constitution (i.e. prohibition of involuntary servitude because, BOP Policy Statement clearly holds that INS detainees don't have to work. Therefore, in such case the BOP must compensate me in the amount of $86,528.00 under minimum salary wages for the past eight years).

(2) The Regional Office denial relies on the assertion that I must go to a half way house to complete the transcitional services (i.e. aftercare) required by the RDAP. However, as such services can be provided for me in prison (i.e. as informed to inmate Barbaro

_5-21-05_ DATE                                   _____ SIGNATURE OF REQUESTER

Part B—RESPONSE

RECEIVED JUN 1 3 2005 ADMINISTRATIVE REMEDY BRANCH

RECEIVED APR 26 2005

FPC MAXWELL 05 JUN -2 PM 12: 57

_____ DATE                              _____ GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                       CASE NUMBER: 366938-A2

Part C—RECEIPT
                                                 CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.      UNIT       INSTITUTION
SUBJECT: _____

_____ DATE                              SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                                          Previously BP-DIR-11                BP-231(13)
                                                                                     APRIL 1982

ATTACHMENT

Nogueras in the Warden's Response to his BP-9 attached hereto as Exhibit "A". Nogueras Appeal is at present before the Regional Office.).

In essence, if am I not an INS detainee for "work" purposes then, I cannot be classified an INS detainee in order to deny me the benefit/s of a federally funded program. The BOP's change of appellant's status as to fit its needs is nothing more than a tactical way of covering up its descriminatory practice/s against "Cubans" and other non-deportable aliens.

Based on the foregoin appellant prays of this Office to overturne the Regional Office's decision and to order the Warden at the F.P.C. Montgomery to reduce appellant's sentence by one (1) year upon his successful completion of the RDAP and the transitional services which will be provided at the F.D.C. Montgomery while appellant awaits to complete the remaining of his sentence. Please see Exhibit "A". Please, see Exhibit "B" wherein, it is clear that INS does not oppose my placement in a half way house nor, does my detainer allow same to be held against me to deny me "any institutional benefit/s.

RECEIVED

05 AUG 18 AM 11: 26

```
CARLOS CRUZ, 40595-004
MONTGOMERY FPC      UNT: R-DAP BHM    QTR: B03-019U
MAXWELL AIR FORCE BASE
MONTGOMERY,   AL 36112
```